UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE CHARTER OAK FIRE INSURANCE COMPANY,** *et al.*,

    **Plaintiffs,**

v.

**CATERPILLAR INC.,**

    **Defendant.**

Case No. 2:24-cv-4176
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on a Motion filed by Plaintiffs The Charter Oak Fire Insurance Company and MBC Holdings of Ohio, Inc. titled "Motion for Time in Which to Conduct Discovery Prior to Filing Their Brief in Opposition to Motion for Summary Judgment with Declaration of Douglas J. May." (Mot., ECF No. 10.) Defendant Caterpillar, Inc. opposes the Motion (Opp., ECF No. 15), and Plaintiffs replied in support of the Motion (Reply, ECF No. 16). For the reasons below, Plaintiffs' Motion (ECF No. 10) is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs filed this lawsuit in November 2024 for damages sustained to a 2019 Caterpillar 746 Articulated Truck allegedly owned by MBC Holdings and manufactured by Caterpillar, Inc. (Compl., ECF No. 1, ¶ 8.) Plaintiffs allege that on June 6, 2023, while the truck was being operated in Columbus Ohio, the truck's hydraulic brake hose failed, causing a fire that damaged the truck. (*Id.* ¶ 9.) Plaintiffs allege that the fire was caused by a defect in the manufacture or construction of the truck and its hydraulic hose. (*Id.* ¶ 10.)

Charter Oak issued a policy of insurance to MBC Holdings and covered its losses. (*Id.* ¶ 2.) Charter Oak covered $418,640.58 in damages under the insurance policy, and MBC Holdings paid deductible interest of $25,000. (*Id.* ¶ 11.)

Together Charter Oak and MBC Holdings assert eight causes of action against Caterpillar: negligence (*id.* ¶¶ 13–15), breach of express and implied warranties (*id.* ¶¶ 16–19), breach of contract (*id.* ¶¶ 20–23), product liability under the Ohio Product Liability Act ("OPLA") (*id.* ¶¶ 24–27), manufacturing defect under the OPLA (*id.* ¶¶ 34–38), inadequate warning under the OPLA (*id.* ¶¶ 39–42), and supplier liability under the OPLA (*id.* ¶¶ 43–48).

Before answering the Complaint, Caterpillar moved for summary judgment. (ECF No. 4.) In support of its motion, Caterpillar attached an affidavit of David Falcione, the Engineering Technical Coordinator at Caterpillar. (Falcione Aff., ECF No. 4-1, ¶ 3.) Caterpillar reasons that the Court should award it summary judgment because all causes of action brought under the OPLA fail as a matter of law since the OPLA does not provide for recovery for damages to the product itself. (ECF No. 4, PageID 18, 22); Ohio Rev. Code § 2307.71(A)(13) (defining a product liability claim as a claim seeking compensatory damages from "physical damage to property *other than the product in question*" (emphasis added)).

Similarly, the OPLA abrogated all common law product liability claims, including for negligence and negligent design. (ECF No. 4, PageID 25.) Even if not abrogated by the OPLA, Ohio's economic loss rule bars recovery in tort for purely economic losses incurred by a commercial entity, says Caterpillar. (*Id.* PageID 25–27.) Therefore, Plaintiffs' negligence claim fails as a matter of law. (*Id.*)

As for the breach of contract claim, Caterpillar argues that it did not sell the truck at issue to MBC Holdings. (*Id.* PageID 22; *see also* Falcione Aff., ECF No. 4-1, ¶ 5.) Instead, Michigan Tractor and Machinery Company sold the truck to Miller Brothers Construction on February 5,

2019. (ECF No. 4, PageID 17, n.1; Falcione Aff., ECF No. 4-1, ¶ 5.) Since Caterpillar did not sell the truck to MBC Holdings, and no other agreement exists between Caterpillar and Plaintiffs, Caterpillar argues no contract existed that could have been breached. (*Id.*)

Last, Caterpillar attacks Plaintiffs' breach of express and implied warranties claim by arguing that Caterpillar issued a limited warranty with the truck that expired 12 months after delivery to the first user. (ECF No. 4, PageID 19, 23–25; Falcione Aff., ECF No. 4-1, ¶¶ 6–7.) Since the truck was sold to Miller Brothers Construction on February 5, 2019, the first user was Miller Brothers Construction, not MBC Holdings. (*Id.*) And the warranty expired on February 5, 2020—more than three years before the fire occurred. (*Id.*) Mr. Falcione attaches to his Affidavit the Limited Warranty in question. (Lim. Warranty, ECF No. 4-1, PageID 34.) According to Caterpillar, the Limited Warranty disclaimed all express and implied warranties, and Plaintiffs' breach of warranties claim must fail as a matter of law. (Mot., ECF No. 10, PageID 25; Falcione Aff., ECF No. 4-1, ¶ 7.)

After Caterpillar moved for summary judgment, Plaintiffs filed the Motion now before the Court under Rule 56(d) of the Federal Rules of Civil Procedure. (Mot., ECF No. 10.) Plaintiffs ask the Court to stay its decision on whether Caterpillar is entitled to summary judgment for at least 90 days to allow Plaintiffs to conduct discovery. (*Id.* PageID 49.) In support of their Motion, Plaintiffs attach a declaration of Douglas J. May, counsel for Plaintiffs, who explains why further discovery is necessary before Plaintiffs can adequately respond to the motion for summary judgment. (May Decl., ECF No. 10-1.)

## II.     LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure establishes the relevant procedure to follow when a party determines that additional discovery is necessary to respond to a motion for summary judgment. If a nonmovant shows by affidavit or declaration that it cannot present facts

3

for its opposition without more discovery, the court may: (1) defer considering the motion or deny it; (2) allow time to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

To invoke the protections of Rule 56(d), Plaintiffs must show by affidavit or declaration "[their] need for discovery, what material facts [they] hope[] to uncover, and why [they] ha[ve] not previously discovered the information." *Clifford v. Church Mut. Ins.*, No. 2:13-cv-853, 2014 U.S. Dist. LEXIS 155285, at *5 (S.D. Ohio Nov. 3, 2014) (King, M.J.) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). The party seeking relief under Rule 56(d) must do so in "good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable [them] . . . to rebut the movant's showing of the absence of a genuine issue of fact." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014).

Courts have construed Rule 56(d) motions generously, and the Sixth Circuit has advised that it is improper to award summary judgment without affording the plaintiff a "full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009) (quotation and citation omitted) (describing this as a well-established principle). Denying a party's Rule 56(d) motion and ruling on a summary judgment motion, without an adequate opportunity for discovery, "would likely constitute an abuse of discretion." *Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 U.S. Dist. LEXIS 170131, at *9 (S.D. Ohio Oct. 2, 2018) (Jolson, M.J.) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

When the nonmovant complies with Rule 56(d)'s procedural requirements, as Plaintiffs do here, the Sixth Circuit provides five factors to consider when deciding whether to permit the requested discovery. *Cressend v. Waugh*, No. 2:09-cv-01060, 2011 U.S. Dist. LEXIS 24780, at *5–6 (S.D. Ohio Mar. 11, 2011) (Deavers, M.J.) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)). Those factors, known as the *Plott* factors, include:

4

> (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[] the ruling . . .; (3) how long the discovery period had lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Id.* (quotation omitted) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). With this background, the Court turns to Plaintiffs' Motion.

### III. ANALYSIS

To begin, Plaintiffs have complied with the technical requirements of Rule 56(d) by filing a motion explaining the specific information they need to respond to Caterpillar's summary judgment motion. The Declaration of Attorney May states that Plaintiffs need to depose Mr. Falcione, who supplied an affidavit in support of Caterpillar's motion for summary judgment. (May Decl., ECF No. 10-1, ¶ 5.) Mr. Falcione's Affidavit relied on business records that he did not prepare or attach to his Affidavit. (*See* Mot., ECF No. 10, PageID 48.) Since Plaintiffs have not reviewed those records, discovery is necessary to give them a chance to review the records and respond accordingly. (*Id.*) Attorney May also explains that Plaintiffs "anticipate serving written discovery which will explore the adjustment process under Defendant's warranty including the claimed limitations on consequential damages and exclusive remedy provisions." (May Decl., ECF No. 10-1, ¶ 6.) In other words, Plaintiffs hope that written discovery will uncover whether the Limited Warranty applied to the truck.

Caterpillar protests that the information that Plaintiffs need to defeat summary judgment should have been in their possession when they filed the Complaint. (Opp., ECF No. 15, PageID 103.) Caterpillar contends that Plaintiffs have not shown why they have not previously discovered the information they now claim is necessary to contest the summary judgment motion. (*Id.*)

Caterpillar's arguments are more appropriately analyzed when balancing the *Plott* factors. Plaintiffs explained, by declaration, that at a minimum they need to depose Mr. Falcione and

5

review the business records he relied on in his Affidavit. Since Mr. Falcione did not attach those records to his Affidavit, and Caterpillar did not attach them to their summary judgment motion, Plaintiffs could have not previously discovered the information. Plaintiffs have cleared the Rule 56(d) procedural hurdle. The Court now turns to the *Plott* factors, to determine whether on balance, Plaintiffs are entitled to additional discovery.

### A. Whether Plaintiffs Were Timely and Diligent in Their Discovery Efforts

The Court will analyze factors (1), (3) and (4) together because all three factors address "the main inquiry"—"whether the moving party was diligent in pursuing discovery." *E.M.A. Nationwide, Inc.*, 767 F.3d at 623. The first factor evaluates when Plaintiffs learned of the issues that are the subject of the desired discovery. *See Plott*, 71 F.3d at 1196–97. The third and fourth factors address how long the discovery period lasted and whether Plaintiffs were dilatory. *Id.*

The Court is mindful of the early stage of the litigation. Caterpillar moved for summary judgment just two months after the Complaint was filed, before the parties filed their Rule 26(f) Report, and before the Court held an initial pretrial conference. (Compl., ECF No. 1; *see also* ECF No. 17 (scheduling the initial pretrial conference for April 22, 2025).) Caterpillar does not put forth any evidence that Plaintiffs purposefully delayed discovery or were not diligent in pursuing discovery. (*See* Opp., ECF No. 15.) Instead, Caterpillar contends that Plaintiffs should have known about the desired discovery before filing this lawsuit. (*Id.* PageID 103–04.)

Under these circumstances, "the Court is wary to put the proverbial cart before the horse and rule on [Caterpillar's] summary judgment motion." *Wilson*, 2018 U.S. Dist. LEXIS 170131, at *14. "The Sixth Circuit has admonished district courts that summary judgment should not ordinarily be granted before discovery has been completed." *Dish Network LLC v. Fun Dish, Inc.*, No. 1:08CV1540, 2011 U.S. Dist. LEXIS 160042, at *11 (N.D. Ohio Aug. 12, 2011) (quotation and citation omitted). Further, considering the early stage of these proceedings, allowing Plaintiffs

6

to pursue discovery before responding to Caterpillar's motion for summary judgment will not delay trial or otherwise prejudice Caterpillar. Therefore, the three *Plott* timeliness factors favor allowing Plaintiffs to pursue discovery before responding to Caterpillar's motion for summary judgment.

### B.  Whether the Desired Discovery Will Change the Ruling

The Court now turns to whether the proposed discovery could change the Court's summary judgment ruling. *See Plott*, 71 F.3d at 1196–97. Under this factor, the Court determines whether the evidence "might" influence its perception of a genuine factual dispute. *Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011). "[E]ven if the Court has not established that the discovery would change the ultimate outcome, the Court may still permit discovery under Rule 56(d) so that the parties may develop the relevant facts." *Wilson*, 2018 U.S. Dist. LEXIS 170131, at *18 (internal quotation marks omitted). Put differently, it is enough if the evidence Plaintiffs seek "at least . . . ha[s] the potential to materially influence the Court's summary judgment determination." *Id.* (quoting *Ashley Furniture Indus. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 U.S. Dist. LEXIS 106703, at *13 (S.D. Ohio Sep. 19, 2011) (Deavers, M.J.)).

The desired discovery could influence the Court's ruling on summary judgment, and thus the second factor favors Plaintiffs. For example, to make out the breach of express warranty claim, Plaintiffs must plead and prove that "(1) the item in question was subject to a warranty; (2) the item did not conform to the warranty; (3) the seller was given a reasonable opportunity to cure any defects; and (4) the seller failed to cure the defects within a reasonable period of time or after a reasonable number of attempts." *Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 936 (N.D. Ohio 2022) (citations omitted). Ohio law defines an express warranty as "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain[.]" Ohio Rev. Code § 1302.26(A)(1).

7

Ohio law also imposes a liability upon a manufacturer who breaches an implied warranty. *Kitchen v. Angiodynamics, Inc.*, No. 1:24-cv-00132, 2024 U.S. Dist. LEXIS 113942, at *9 (N.D. Ohio June 28, 2024) (internal quotations omitted). "Under Ohio law, a seller of goods impliedly warrants that its products are of good and merchantable quality, fit and safe for the ordinary purposes for which the goods are intended." *Grover*, 581 F. Supp. 3d at 942 (quotation omitted) (citing Ohio Rev. Code. § 1302.27).

The record suggests that a Limited Warranty existed between Caterpillar and Miller Brothers Construction. (Lim. Warranty, ECF No. 4-1, PageID 34.) But without the documents that Mr. Falcione purportedly relied on in his Affidavit, Plaintiffs—and therefore, the Court—do not know the relationship between Caterpillar and Michigan Tractor and Machinery Company, the company that allegedly sold the truck. (*See* Reply, ECF No. 16, PageID 110–11.) Further, discovery will clarify whether the truck had a latent defect, whether Caterpillar knew about the defect, and whether Plaintiffs gave the seller a chance to cure the defect. (*Id.* (citing *WEL Companies, Inc. v. Haldex Brake Prods. Corp.*, 467 F. Supp. 3d 545, 564 (S.D. Ohio 2020)).) A latent defect would affect the Court's determination of whether the truck conformed to the express Limited Warranty or an implied warranty that the truck was of good and merchantable quality and fit and safe for ordinary use. Currently the record as it relates to the truck at the time it was sold is minimal, and the Court agrees further discovery on this point is warranted. This factor supports Rule 56(d) relief.

### C.  Whether Caterpillar Responded to Discovery Requests

As for the fifth factor, the Court cannot determine based on the parties' briefing whether Caterpillar has been responsive to Plaintiffs' discovery requests. Plaintiffs do not allege that they have made discovery requests, or that Caterpillar failed to respond. To the contrary, Plaintiffs argue

8

that the summary judgment motion was filed before the first set of written discovery requests were served and before depositions could be scheduled. The last factor is therefore neutral.

Considered cumulatively, the *Plott* factors weigh in Plaintiffs' favor. The Rule 56(d) Motion is therefore **GRANTED**. The Court will allow the parties time to define the scope of and engage in discovery as identified in Attorney May's Declaration. (ECF No. 10-1.)

### IV. CONCLUSION

For the reasons above, Plaintiffs' Motion titled "Motion for Time in Which to Conduct Discovery Prior to Filing Their Brief in Opposition to Motion for Summary Judgment with Declaration of Douglas J. May" (ECF No. 10) is **GRANTED**. The parties are **DIRECTED** to meet and confer regarding the scope and duration of discovery and **ORDERED** to file the Rule 26(f) Report at least seven days before the pretrial conference scheduled for April 22, 2025, pursuant to the Court's notice of hearing. (*See* ECF No. 17, PageID 114.) In light of this ruling, Defendant's motion for summary judgment (ECF No. 4) is **DENIED without prejudice** to refilling once discovery is complete.

This case remains open.

**IT IS SO ORDERED.**

**4/9/2025**                  s/Edmund A. Sargus, Jr.
**DATE**                     **EDMUND A. SARGUS, JR.**
                                 **UNITED STATES DISTRICT JUDGE**